UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM EUGENE FIELDS,

           Petitioner,

   v.

ED TROYER,

           Respondent.

CASE NO. 3:22-cv-05593-BJR-JRC

ORDER TO SHOW CAUSE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Magistrate Rule MJR 13, the parties have consented to have this matter heard by the undersigned Chief Magistrate Judge. *See* Dkts. 10, 14.

Before the Court is petitioner William Eugene Fields' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 judgment and sentence for unlawful possession of a stolen vehicle and attempting to elude a law officer. Dkt. 8. Petitioner has raised three claims for relief in his petition, challenging his plea agreement and the offender score used to calculate his sentence. *Id*. Respondent has filed a response to the petition arguing, in part, that

ORDER TO SHOW CAUSE - 1

the Court lacks subject matter jurisdiction to consider the petition because petitioner has failed to establish he is currently "in custody" under the 2016 judgment. Dkt. 15.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ((emphasis in original) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id*. at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492. Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id*. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

Here, on February 18, 2016, petitioner was sentenced to a total of 57 months of confinement. Dkt. 17-1 at 7. As a result, if petitioner served his entire sentence he would have been released from incarceration on November 18, 2020. Petitioner did not file the instant petition until August 15, 2022, almost two years after the last possible date he would have been "in custody" for the 2016 sentence imposed by the state court. Furthermore, in the petition petitioner does not ask the Court to order his release under the 2016 conviction and sentence;

rather, he seeks release under his current criminal proceedings involving an unrelated arrest occurring after he fully served his 2016 sentence. *See* Dkt. 8.

Petitioner has not filed a reply to respondent's response to the petition contending that he does not meet the "in custody" requirement for filing a § 2254 petition challenging his 2016 judgment and sentence. *See* Dkt. Because petitioner is proceeding in this matter *pro se*, and a finding that the Court lacks subject matter jurisdiction over this case would cause the petition to be dismissed, petitioner is ordered to show cause why this petition should not be dismissed for lack of subject matter jurisdiction on or before February 3, 2023. Respondent may reply on or before February 10, 2023. The Clerk is directed to re-note the response to the petition for consideration on February 10, 2023.

Dated this 3rd day of January, 2023.

J. Richard Creatura
Chief United States Magistrate Judge